## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**GLENN E. NASLUND**

**Plaintiff,**

**vs.**                                              **Case No. 8:04-CV-1708-T-27MAP**

**TAMPA ELECTRIC CO.,**
**JOHN B. RAMIL and**
**ROBERT D. FAGAN,**

**Defendants.**

_____/

### ORDER

**BEFORE THE COURT** is Defendants' Motion for Judgment on the Pleadings (Dkt. 17)

filed pursuant to Fed. R. Civ. P. 12(c).

This case is the latest suit in a lengthy history of litigation between these parties.[1]  In 2001,

Plaintiff first filed suit against Defendant TECO in state court alleging that his termination on July

5, 2000 after the conclusion of his short-term disability and sick leave was disability discrimination

in violation of the Americans with Disabilities Act and the Florida Civil Rights Act.  TECO removed

the suit to this court.  *Naslund v. Tampa Elec. Co.*, 8:01-CV-284-T-30TGW (M.D. Fla. Tampa

Div.)("*Naslund I*") (Dkts. 1, 2).   TECO's motion for summary judgment was granted, *Naslund I*

(Dkt. 33), and final judgment was entered in favor of TECO, *Naslund I* (Dkt. 34).  The summary

judgment was subsequently affirmed on appeal. *Naslund* I, (Dkt. 43)(*Naslund v. Tampa Elec. Co.*,

No. 02-11018, Judgment (11th Cir., September 20, 2002)).

In 2003, Plaintiff filed a second suit in this court against Defendants TECO, Ramil and Fagan

---

[1]The court takes judicial notice of all pleadings, filings and orders in the previous cases between these
parties. *Fed. R. Ev.* 201(b), (c ) and (f); *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987)("A court
may take judicial notice of its own records and the records of inferior courts."); *Hart v. Yamaha-Parts Distributors,
Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986)(affirming district court's application of *res judicata* where "district court
took judicial notice of all pleadings and orders in the earlier action").

alleging that his termination on July 5, 2000 after the conclusion of his short-term disability and sick leave constituted a violation of his rights under ERISA and the Age Discrimination in Employment Act ("ADEA"). *Naslund v. Tampa Elec. Co.*, 8:03-CV-1359-T-27TGW (M.D. Fla. Tampa Div.)("*Naslund II*")(Dkt. 1). The court granted Defendants' motion to dismiss on the grounds that Plaintiff's complaint failed to allege that he had met the administrative prerequisites required by ERISA and the ADEA. *Naslund II* (Dkt.16). The order dismissed Plaintiff's claims without prejudice but did not close the case. *Id.* A year later, the court entered a second order noting that Plaintiff had done nothing to correct the insufficiencies in his complaint "despite being given ample time to" do so, dismissed the case and directing the clerk to close the case. *Naslund II* (Dkt. 21).

In 2004, Plaintiff filed the instant suit in state court alleging that the termination of his employment by Defendant Tampa Electric Company ("TECO") on July 5, 2000 at the conclusion of his short term disability leave was negligent and breached its contract obligations. (Dkt. 2) Defendants removed the case to this court on the grounds that Plaintiff's claims are preempted by ERISA. (Dkt. 1) Defendants have moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) arguing that Plaintiff's claims are barred by *res judicata* and that Plaintiff should be judicially estopped from pursuing these claims because he failed to list them as assets in his bankruptcy petition. (Dkt. 17)

**APPLICABLE STANDARD**

The court may grant a motion for judgment on the pleadings "only when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002)(*internal quotation omitted*). "Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Property and Casualty Joint Underwriting Assoc.*, 137 F.3d 1293, 1295 (11th Cir. 1998). The facts

2

must be viewed in the light most favorable to the nonmoving party. *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005).

### DISCUSSION

"Under *res judicata*, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re: Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). To establish that *res judicata* is properly invoked, a party must satisfy four required elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* The assessment of the fourth element "turns primarily on the commonality of the facts of the prior and subsequent actions, not on the nature of the remedies sought" nor "on the nature of a party's alternative legal theories." *Id.* at 1295. If the claim in the new suit "was or could have been raised in the prior action. . . *res judicata* applies." *Id.* at 1296.

Here, the first element is met as to both of the preceding lawsuits as both decisions were rendered by this court, which had personal and subject matter jurisdiction.

The second element is met as to both prior lawsuits as well. In *Naslund I*, the court granted summary judgment and entered final judgment in favor of Defendant TECO. In *Naslund II*, the court's final order stated "this case is dismissed." Federal Rule of Civil Procedure 41(b) provides that "[u]nless the court in its order for dismissal otherwise specifies,. . .any dismissal not provided for in this rule. . .operates as an adjudication upon the merits." According to the Supreme Court, "the effect of the 'adjudication upon the merits' default provision of Rule 41(b). . . is simply that, unlike a dismissal 'without prejudice,' the dismissal of the present case barred refiling of the same claim in the United States District Court. . ." from which it was dismissed. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001). Thus, the dismissal order in *Naslund II* operates as a final

3

judgment on the merits in this court.

The third element is met as to Defendant TECO in both prior lawsuits and as to Defendants Ramil and Fagan in *Naslund II.*

Finally, the fourth element is met in both prior lawsuits. In each of the three lawsuits Plaintiff has filed, the allegations are centered on his short-term disability and sick leave in the spring of 2000 and subsequent termination on July 5, 2000, as detailed above. While he couched his claims in different legal theories each time, his complaints are all based on the identical nucleus of operative facts. As the Eleventh Circuit stated in *Piper*, a plaintiff does not avoid the application of *res judicata* by pleading alternative legal theories. The negligence and breach of contract claims Plaintiff has pled in the instant suit are based on the same facts and could have been raised in the prior suits.

Plaintiff's claims are therefore barred by the doctrine of *res judicata.*[2] Plaintiff can prove no set of facts that would entitle him to relief.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Judgment on the Pleadings (Dkt. 17) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.** The Clerk is directed to deny all pending motions as moot, enter judgment in favor of the Defendants and close the case. The court reserves jurisdiction to determine attorneys' fees and costs.

**DONE AND ORDERED** in chambers this _5_ TH day of July, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[2]Because the doctrine of *res judicata* is dispositive of all claims as to all Defendants, the court declines to reach the Defendants' judicial estoppel argument.

4